Judge Bucknek,
delivered the opinion of the court.
R. Deering havingbought a pair of mill stones from James Crozier, at the-price of fifty dollars, drew an order on William Lowry, m favor of Crozier, for that sum, payable 11 in land office money in the, slate of Illinois.'’’
The order was presented to Lowry, who refused to accept it. It was thereafter delivered.for collection to McGuire, a constable, who executed to Crozier a receipt for it, dated April', 1812, and- collected from Deering the nominal amount, with three dollars as interest, in notes of the Bank óf the Commonwealth. McGuire died, and this action of debt was instituted. in-June, 1828, against the plaintiffs in error, who were his sureties, in his bond of office, which., bears date in March, 1821.
The breach assigned is, that McGuire having col* lected, as constable; $53 on a protested order for fifty dollars, drawn by Deering on Lowry, in favor of Crozier, had- failed to pay it, foe.
The cause was tried upon issues formed on the pleas of nil debet, and non in fregit conventionem.
The plaintiff, in the court below, having proved the foregoing facts,and closed the examination, the opposite party inquired of one of the witnesses, who had been examined by plaintiff, what the value of Commonwealth’s Bank notes was, at the time McGuire received the notes above referred to?' To which question, the attorney for Crozier objected; denying that the officer had any right to receive them in discharge of the demand which had been placed in his hands for collec *644 lion. The circuit court sustained the objection; Whereupon, the plaintiffs in error moved’ the court to instruct the jury, as in case of a non«uit;-iirst, because the evidence did not support the declaration; and, secondly, that they, being sureties, were not liable in this action, as llieir principal had not collected specie, but bank paper, without any authority for so doing. This motion was also overruled, and an exception to each opinion was taken. The jury having found in favor of the commonwealth for .d-53, judgment was accordingly entered.- To reverse it, this writ of error is prosecuted..
Act of Feb. »99°’ n Ulfó slot oP18uá° relative to constables, ^ cónstíible'iuid bis sureties responsible for C^rmmin’th’s. Bank paper ’ eolli-eted outwit Und * not paid $ ver on demand,
The errors assigned;.quesiion the. correctness-of. the foregoing opinion.
It has been insisted that the ■action cannot be maintained under the stipulations of the bond' Sued on, nor um^r ^le Provisions of any statute. It is true that the breach assigned cannot be properly considered' as a violation of any express condition of the official bond; t>ut ¡t does not thence follow that no-action could have been maintained under such declaration, as the proof in the cause would have supported. The seventh secfton 0f the act of February, IS20,1 Dig.-299, provides, “that any constable, receiving any writing obligatory,. or account for- collection, and- who- shall collect the same without execution, the-same proceedings may be bud against him and’ his securities, as could or might he had against such constable and his securities, for. moneys collected by him on execution, andshalLnot be entitled to any commission for the samef’ ■
For money collected by á constable on execution; who fails or refuses to pay to the person- entitled to it, an action may be maintained on his official bond; for it is expressly given by. íhé second section of tire act of Í803. I Dig. 293. If, therefore, such officer collects Commonwealth’s Banknotes on a writing obligatory, or account and fails or refuse!', to pay the amount to the person for whom he made■ the collection, he and his sureties are- liable, and an action may be maintained against them, or the survivors, on the official bond, unless the seventh section, referred to, should be so construed as to apply it to those cases only where the collection iras been.made in specie. That it is not rea *645 sbnably susceptible of such a construction, ought not to be doubted. It would be warranted by neither the letter nor the spirit of the statute, which is remedial, and should be liberally consirued. That the failure to pay money or bank paper, collected without execution, is not a violation of the letter of the bond; canuot aiFect the liability of the obligors, because, at the time of its execution, they knew that by the provision of thtí statute, their liability would be the legal consequence of such failure or refusal. The conditions upon which the bond is to. be void, are to be found partly in the bond and partly in the statute.
If bank pa" per collected,, fact should b'o so averred; declaration fur money not sustained by proof of collection of bank paper.
McConnell, for plaintiffs..
But the declaration, in the present case, does not aver the collection of bank notes by the constable, and assign a breach in the non-payment of them to Crozier. Had the order, drawn on Lowry, been such as is described in the declaration, i t would nave been an inland or domestic bill of exchange. The order, however, as exhibited by the proof, was not a bill of exchange, and when protested, or when payment had been refused by Lowry, Crozier’s appropriate remedy, was not a suit on the order, but on the original contract, and consideration between him and Deering. See Coyle’s executrix against Satterwhite’s administrator, IV Mon. 124.
As the. declaration alleges that the officer had collected §53 on a protested order for money, it is clear, that the proofintroduced,showing that Commonwealth’s Bank notes had been collected, could not, on such a count, authorize a recovery; and the court, therefore, erred in refusing to instruct the jury as in case of a nonsuit.
The judgment must be reversed, and the cause remanded to the circuit court, for further proceedings to be had, not inconsistent with this opinion.